IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT EDWARD McCOY, JR<br>and wife, SARAH McCOY<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SEATING AND MOBILITY, LLC<br>d/b/a NUMOTION;<br>FORT SANDERS REGIONAL MEDICAL<br>CENTER;<br>COVENANT HEALTH; and<br>CARR ACCESS, INC. f/n/a<br>CARR REHAB, INC.<br><br>Defendants. | Docket No. _____<br>JURY DEMANDED |

## COMPLAINT

The Plaintiffs, Robert Edward McCoy, Jr. (hereinafter, "Mr. McCoy") and Sarah McCoy (hereinafter, "Mrs. McCoy"), appear by and through counsel and sue the Defendants, United Seating and Mobility, LLC d/b/a Numotion (hereinafter, "United Seating and Mobility, LLC d/b/a Numotion" and/or "Numotion"), Fort Sanders Regional Medical Center (hereinafter, "Fort Sanders" and/or "Patricia Neal"), Covenant Health (hereinafter, "Covenant Health" and/or "Patricia Neal"), and Carr Access, Inc. f/n/a Carr Rehab, Inc. (hereinafter, "Carr"). As grounds for their cause of action, Mr. and Mrs. McCoy would show unto the Court as follows:

1. The plaintiffs, Robert Edward McCoy, Jr. and Sarah McCoy, are citizens and residents of Anderson County, Tennessee, residing at 103 Copper Ridge Court, Oak Ridge, Tennessee 37830.

2. The defendant United Seating and Mobility, LLC d/b/a Numotion is a Missouri limited liability company licensed to do business in Tennessee, with a principle place of business located at 1111 Cromwell Avenue, Rocky Hill, Connecticut 06067-3455. Numotion can be served through its registered agent: Registered Agents Inc., 5810 Shelby Oaks Drive, Suite B, Memphis, Tennessee 38134-7315.

3. The defendant Fort Sanders Regional Medical Center is a Tennessee nonprofit corporation with its principle place of business at 1901 Clinch Avenue, Knoxville, Tennessee 37916-2307. Fort Sanders can be served through its registered agent: John T. Geppi, 1420 Centerpoint Boulevard, Building C, Knoxville, Tennessee 37932-1960.

4. The defendant Covenant Health is a Tennessee nonprofit corporation with its principle place of business at 1420 Centerpoint Boulevard, Knoxville, Tennessee 37932-1960. Covenant Health can be served through its registered agent: John T. Geppi, 1420 Centerpoint Boulevard, Building C, Knoxville, Knoxville, 37932-1960.

5. The defendant Carr Access, Inc., f/n/a Carr Rehab, Inc. is a Tennessee corporation with a principle place of business at 746 N. Hall of Fame Drive, Knoxville, Tennessee 37917-6721. Carr Access, Inc., f/n/a Carr Rehab, Inc., can be served through its registered agent: Jeffrey Alan Carr, 746 N. Hall of Fame Drive, Knoxville, Tennessee 37917-6721.

6. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over the parties and the subject matter of this action. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00). Pursuant to 28 USC § 1391, venue is appropriate because a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District.

7. Defendant United Seating and Mobility, LLC d/b/a Numotion is a vendor for wheelchairs and wheelchair accessories, to include the wheelchair accessories developed, designed and manufactured by Sunrise Medical (US) LLC (herein, "Sunrise Medical"). Numotion advertises that it seeks to provide mobility knowledge and industry expertise as to the best technology options for its clients. Numotion asserts that it is uniquely positioned to provide guidance to its clients regarding mobility needs and wheelchair seat cushions. Numotion asserts that "they will guide and support [the client] every step of the way." United Seating and Mobility, LLC d/b/a Numotion purchased Carr Rehab, Inc. (which was renamed Carr Access, Inc. in November of 2018) at the end of 2018. The Division of Business Services for the Department of State for Tennessee reports that Carr Access, Inc. was administratively dissolved on or about October 6, 2020.

8. Defendant Fort Sanders Regional Medical Center owns and operates the Patricia Neal Rehabilitation Center, which is a department within its medical center. In the alternative, Patricia Neal Rehabilitation Center is owned and operated by Defendant Covenant Health.

9. Defendant Carr Access, Inc. f/n/a Carr Rehab, Inc. was purchased by Defendant United Seating and Mobility, LLC d/b/a Numotion in late 2018. Carr Rehab, Inc. was renamed Carr Access, Inc. in November of 2018 and was administratively

dissolved on or about October 6, 2020. Pursuant to T.C.A. § 48-24-202(c), a corporation administratively dissolved continues its corporate existence. Also, administrative dissolution does not terminate the authority of its registered agent.

10. Patricia Neal Rehabilitation Center provides seating and mobility evaluation and education, which includes assessment of posture, strength, range of motion, skin tone, and mobility of the patient as it pertains to his or her use of wheelchairs and other medical equipment. Patricia Neal Rehabilitation Center advises, prescribes and/or selects equipment based on patient and family goals, pressure mapping, and therapeutic evaluation of function, tone and positioning.

11. Plaintiff Robert Edward McCoy has been a quadriplegic for over twenty (20) years after a motor vehicle accident in January of 1999. During those years, Mr. McCoy's wheelchair has always been equipped with a JAY® style wheelchair cushion, and he had never had a pressure sore prior to March 2020.

12. In September of 2018, Mr. McCoy was treated at the Patricia Neal Rehabilitation Center seating clinic for the purposes of being evaluated for obtaining a new wheelchair and wheelchair cushion. Upon information and belief, present during Mr. McCoy's appointment were the following: (1) Michele Lloyd, PT, ATP, who was employed by and/or representing Patricia Neal Rehabilitation Center, and (2) Greg Barnett, PT, ATP, who was employed by and/or representing Carr Rehab, Inc. (later purchased by United Seating and Mobility, LLC d/b/a Numotion). Upon information and belief, Keith Wilson, ATP, another employee and representative of Carr Rabb, Inc., may also have been present. Upon information and belief, upon the acquisition of Carr Rehab,

Inc. by Numotion, Greg Barnett and Keith Wilson became employees of Numotion, and upon information and belief, are still employed by Numotion.

13.     The representatives of Patricia Neal and/or Numotion asked Mr. McCoy if he liked his current wheelchair cushion, and when he replied "yes," one of the representatives made a comment to the effect of, "If it ain't broke, don't fix it." Medical records of Patricia Neal note that at the time of his evaluation, Mr. McCoy told and emphasized to the representatives present that he did not want to change his JAY® J2 cushion. Mr. McCoy's previous seat cushion was not fitted with a right pelvic obliquity build up accessory. However, as noted in the medical records of Patricia Neal, Michele Lloyd, acting on behalf of Patricia Neal, and Greg Barnett, acting on behalf of Carr Rehab, Inc. (later purchased by Numotion), recommended the addition of a right obliquity build up accessory for Mr. McCoy's new JAY® J2 cushion, which was different than what Mr. McCoy was then currently using. The addition of the right obliquity build up was not adequately addressed or discussed with Mr. McCoy. It was further noted in the medical records of Patricia Neal that Mr. McCoy would require a pressure relieving cushion to prevent pressure sores.

14.     In accordance with the recommendation of Michele Lloyd of Patricia Neal and Greg Barnett of Carr Rehab, Inc. (later purchased by Numotion), and in accordance with Mr. McCoy's previous experience with the JAY® J2 wheelchair seat cushions, Mr. McCoy ordered and purchased a new wheelchair and JAY® J2 seat cushion from Sunrise Medical. As noted above, the addition of the right obliquity build up to Mr. McCoy's new JAY® J2 seat cushion was not adequately addressed or discussed with Mr. McCoy.

15. Upon Numotion's receipt of the ordered products from Sunrise Medical, Keith Wilson of Numotion delivered a wheelchair and Mr. McCoy's new JAY® J2 wheelchair cushion to Mr. McCoy at his home in December of 2019, more than a full one (1) year from the time when the original order was placed. Upon information and belief, at the time of the delivery of the JAY® J2 to Mr. McCoy, no user manual was provided to Mr. McCoy, nor was Mr. McCoy directed to any type of user manual, written or digital, for the JAY® J2 wheelchair cushion.

16. While at Mr. McCoy's home, Keith Wilson, acting as the representative and agent of Numotion, made some minor adjustments to the wheelchair. However, the JAY® J2 wheelchair cushion was not opened up and no explanation regarding the cushion or right obliquity build up accessory was made to Mr. McCoy by Numotion. Numotion, by and through its agent, simply told Mr. McCoy that it was a new version of the same JAY® J2 cushion that he had used over the years. As stated above, Mr. McCoy was also not provided a user manual for the JAY® J2 cushion. At the time of delivery of the JAY® J2 wheelchair cushion to Mr. McCoy, Numotion did not tell Mr. McCoy that the new JAY® J2 wheelchair cushion provided to him was significantly different than his old cushion. Further, when the chair and cushion were delivered, Numotion did not check Mr. McCoy for bottoming out.

17. Neither Patricia Neal nor Numotion instructed Mr. McCoy to return to Patricia Neal to be checked for bottoming out once the new equipment had arrived. Neither Patricia Neal nor Numotion provided proper or adequate instructions regarding the right obliquity build up or the potential need for supplemental cushioning on top of the right obliquity build up.

18. The JAY® J2 wheelchair seat cushion purchased by Mr. McCoy was designed and manufactured by Sunrise Medical (US) LLC. The JAY® J2 wheelchair cushion features the JAY Flow™ fluid tripad, which Sunrise Medical asserts "ensures proper fluid placement beneath bony prominences to help protect the skin from breakdown."

19. The JAY® J2 wheelchair seat cushion is also supplemented by various accessories. Mr. McCoy's new JAY® J2 seat cushion was fitted with significantly different accessories than he previously had. Specifically, the new seat cushion furnished to Mr. McCoy was equipped with a one-inch (1") right pelvic obliquity build up accessory, which caused Mr. McCoy to "bottom out" in his wheelchair.

20. The right obliquity build up accessory was hidden under the cushion cover and large gel cushion. Unbeknownst to Mr. McCoy, the right obliquity build up had a small warning sticker attached which stated, "when using this accessory, check for bottoming out and add fluid supplement pad if necessary." This small warning sticker was hidden and inadequate to warn the user, Mr. McCoy, of the risks of serious injury associated with use of the obliquity build up accessory without necessary supplemental accessories.

21. After Mr. McCoy received his new wheelchair and JAY® J2 wheelchair seat cushion (more than one full year from the time that the order for the products was placed), neither Patricia Neal nor Numotion checked Mr. McCoy for bottoming out. As a result, no additional fluid pads were added to the new wheelchair cushion to account for this bottoming out effect, which would have prevented the development of a pressure sore.

22. As a result of the accident that left Mr. McCoy a quadriplegic, Mr. McCoy has no sensation in his buttocks or lower extremities. Mr. McCoy was unable to "feel" that he was bottoming out in his wheelchair as a result of the new wheelchair cushion. Further, as he had no knowledge that his wheelchair cushion was different than before, Mr. McCoy had no reason to suspect that he could be bottoming out, as he had never done so before in the twenty years since his accident. Over time, this bottoming out caused Mr. McCoy to develop a pressure sore.

23. Mr. McCoy received his new wheelchair and JAY® J2 wheelchair seat cushion at or around December 10, 2019. By March of 2020, Mr. McCoy had developed a significant and serious pressure sore and, since then, has had to endure months of medical treatment, wound care, and ultimately, surgery.

24. Prior to his injury, Mr. McCoy worked a full-time schedule as a pastor. After his injury and during his convalescence, Mr. McCoy has been confined to bedrest for as many as twenty (20) hours per day.

25. Plaintiffs have discovered that there are significant differences in the new JAY® J2 cushion provided to Mr. McCoy as compared to his old JAY® J2 cushion. The differences include, but are not limited to (1) the removal of two supplemental gel/fluid-filled pads, (2) the addition of a one-inch (1") right obliquity build up accessory, and (3) the failure to add a fluid supplement on top of the right obliquity build up accessory.

26. The plaintiffs aver that defendant United Seating and Mobility, LLC d/b/a Numotion, and/or defendant Carr Access, Inc. f/n/a Carr Rehab, Inc., their agents, and employees were negligent in the following manner:

a. Numotion and/or Carr was negligent in not performing a proper seating evaluation and education of Mr. McCoy in light of the addition of the obliquity build up accessory to Mr. McCoy's wheelchair cushion;

b. Numotion and/or Carr was negligent in providing a one-inch (1") right obliquity build up accessory for Mr. McCoy's wheelchair cushion without adequate warning or explanation and/or without providing supplemental padding;

c. Numotion and/or Carr was negligent in failing to warn patients who used the obliquity build up accessory without necessary supplemental accessories of the risks of serious injury associated with such use;

d. Numotion and/or Carr was negligent in failing to provide Mr. McCoy with a user manual for the JAY® J2 cushion; and

e. Numotion and/or Carr was negligent in failing to check Mr. McCoy for "bottoming out" when the new wheelchair and seat cushion were delivered.

f. All of the foregoing caused Mr. McCoy to develop a serious, life-threatening pressure sore.

27. The plaintiffs aver that Fort Sanders Regional Medical Center or, in the alternative, Covenant Health, their agents, and employees were negligent in the following manner:

a. Fort Sanders, or, in the alternative, Covenant Health, and representatives of Patricia Neal were negligent in not performing a proper seating evaluation and education of Mr. McCoy in light of the addition of the obliquity build up accessory to Mr. McCoy's wheelchair cushion;

b. Fort Sanders or, in the alternative, Covenant Health, and representatives of Patricia Neal were negligent in not being aware of or taking into account the changes to the fit of Mr. McCoy's seat cushion caused by the addition of the obliquity build up accessory prior to providing their patient, Mr. McCoy, with a prescription for the JAY® J2 wheelchair seat cushion that included the obliquity build up accessory;

c. Fort Sanders or, in the alternative, Covenant Health, and representatives of Patricia Neal were negligent in not informing Mr. McCoy that he needed to be checked for "bottoming out" when his new wheelchair and seat cushion were delivered;

d. Fort Sanders or, in the alternative, Covenant Health, and representatives of Patricia Neal were negligent in failing to check Mr. McCoy for "bottoming out" when the new wheelchair and seat cushion were delivered;

e. Fort Sanders or, in the alternative, Covenant Health, and representatives of Patricia Neal were negligent in failing to warn Mr. McCoy about the changes made to his wheelchair seat cushion; and

f. Fort Sanders or, in the alternative, Covenant Health, and representatives of Patricia Neal were negligent in failing to provide Mr. McCoy with a user manual for the JAY® J2 cushion

g. All of the foregoing caused Mr. McCoy to develop a serious, life-threatening pressure sore.

28. The plaintiffs allege that the negligence described herein was the direct and proximate cause of the injuries sustained by the plaintiff, Robert Edward McCoy.

29. As a direct and proximate result of the negligence and wrongdoing of the defendants, plaintiff Robert Edward McCoy incurred significant medical injuries, past, present and future medical bills, pain and suffering, mental and emotional distress, and the loss of enjoyment and pleasures of life. Mr. McCoy was required to have surgery in November of 2020 in order to repair the damage created by the pressure sore, which forced Mr. McCoy to endure a long and painful recovery.

30. The plaintiff Sarah McCoy brings her cause of action for the loss of consortium of her husband as a result of the injuries sustained by her husband, Robert Edward McCoy. Plaintiff Sarah McCoy has been required to provide significant hours of additional care for her husband as the result of the defendants' negligence. Further, Mrs. McCoy has suffered a significant loss of consortium because her husband has been bedridden for as many as twenty (20) hours a day, which has significantly impacted and disrupted her daily life.

31. Because of his injuries suffered, Mr. McCoy now has a new seat cushion which is thicker than his previous wheelchair cushion. As a result, Mr. McCoy no longer sits comfortably in his specially designed van. Mr. McCoy has received a quote for a new van in the amount of $132,376.15.

32. The aforementioned was all accomplished by the defendants or their agents and employees. The defendants are liable under the theory or respondeat superior for the actions and omissions of their agents and employees.

33. Plaintiffs, acting through counsel, have complied with the requirements of Tenn. Code Ann. § 29-26-121, which requires that any person asserting a potential claim for medical malpractice shall give written notice of each potential claim for medical

malpractice and shall give written notice of each potential claim to each health care provider against whom such potential claim is being made at least sixty (60) days prior to the filing of a Complaint based upon healthcare liability.

34. On December 9, 2020, pre-suit notice was given to all Defendants that a potential claim for medical malpractice was being asserted against them.

35. The above-mentioned pre-suit notice complied with Tenn. Code Ann. § 29-26-121(a).

36. Documentation showing the Plaintiffs' compliance with said statute, including an affidavit of the individual sending the notices, is attached hereto as **Exhibit 1**.

37. The above-reference pre-suit notice included an express mention of Plaintiffs' reliance on Tenn. Code Ann. § 29-26-121(a)(5). This provision requires that "[i]n the event a person, entity, or health care provider receives notice of a potential claim for health care liability pursuant to this subsection (a), the person, entity, or health care provider shall, within thirty (30) days of receiving the notice, based upon any reasonable knowledge and information available, provide written notice to the potential claimant of any other person, entity, or health care provider who may be a properly named defendant."

38. In response to the pre-suit notice letters sent by Plaintiffs' counsel, no defendant notified Plaintiffs or Plaintiffs' counsel within thirty (30) days of any other person, entity, or health care provider who may be a properly named defendant.

39. Accordingly, Defendants should be estopped from alleging fault against any other person, entity, or health care provider who Defendants knew or should have

known may be a properly named defendant based on reasonable knowledge and information available to Defendants within thirty (30) days of receiving pre-suit notice.

40. A Certificate of Good Faith is attached hereto as **Exhibit 2**.

41. The aforementioned Certificate of Good Faith fully complies with all requirements of Tenn. Code Ann. § 29-26-122.

WHEREFORE, the Plaintiffs, Robert Edward McCoy, Jr. and Sarah McCoy, demand judgment against the Defendants United Seating and Mobility, LLC d/b/a Numotion, Fort Sanders Regional Medical Center, Covenant Health, and Carr Access, Inc. f/n/a Carr Rehab, Inc. in an amount up to Three Million Five Hundred Thousand Dollars ($3,500,000.00) in compensatory damages for the injuries sustained by Robert Edward McCoy, Jr., plus compensatory damages in an amount up to Seven Hundred Fifty Thousand Dollars ($750,000.00) for the loss of consortium suffered by Sarah McCoy, plus interest and costs as allowed by law, as well as such other and general relief as to which the Plaintiffs are entitled. Plaintiffs demand a jury of six persons to hear this cause.

Respectfully submitted this **26** day of **Feb**, 2021.

By: _____
T. KENAN SMITH, BPR #012802
Hodges, Doughty & Carson, PLLC
617 Main Street
PO Box 869
Knoxville, Tennessee 37901-0869
Ph 865-292-2307
Email: KSmith@hdclaw.com
*Attorney for Plaintiffs*